ROCKFORD INSÚRANCE COMPANY

v.

ELIZABETH STORIG.

*Fire Insurance—Vacancy—Special Findings—Evidence—Instructions.*

1.  Provisions in insurance policies in the nature of forfeitures must be construed strictly.

2.  The question of occupancy or non-occupancy of a building insured is one of fact, to be decided by the jury under the instructions of the court.

3.  The use of a building insured as a dwelling for some, but not all the purposes common to such structures, does not amount to vacancy.

[Opinion filed March 1, 1889.]

APPEAL from the Circuit Court of Madison County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. MARSHALL & TAGGART, for appellant.

The law is well settled that where a house is described in the policy as a dwelling house, to be occupied, it must have some one living in it and habitually sleeping in it, as their usual place of abode. Fitzgerald v. Conn. Fire Ins. Co., 64 Wis. 463; Ashworth v. Builders' Ins. Co., 112 Mass. 422; American Ins. Co. v. Padfield, 78. Ill. 167; Herman v. Adriatic Fire Ins. Co., 85 N. Y. 169; Sonneborn v. Manufacturers' Ins. Co., 44 N. J. L. 220; Ins. Co. v. Wells, 42 Ohio St. 519; Sexton v. Hawkeye Ins. Co., 69 Iowa, 99.

"For a dwelling house to be in a state of occupation there must be in it the presence of human beings, as at their customary place of abode, not absolutely and uninterruptedly continuous, but that must be their place of usual return and habitual stoppage." Herman v. Adriatic F. I. Co., 85 N. Y. 169. "A dwelling house and barn are unoccupied within the meaning of an insurance policy which provides that buildings unoccupied shall not be covered by the policy where the house is only used by the insured and his servants for the

purpose of taking their meals there when engaged in carrying on a contiguous farm, and the barn is only used for the purpose of storing hay and farming tools." Ashworth v. Builders' M. F. Ins. Co., 112 Mass. 422. To the same effect are M. Keith v. Quincy M. F. Ins. Co., 10 Allen, 228; American Ins. Co. v. Padfield, 78 Ill. 167.

In Padfield v. Am. Ins. Co., 78th Ill. 169, the court says: " A fair and reasonable construction of the language 'vacant and unoccupied,' is that it should be without an occupant— without any person living in it." See also Niagara Ins. Co. v. Drda, 19 Ill. App. 70.

Messrs. HAPPY & TRAVOUS, for appellee.

The conditions and provisions in the policy of insurance, by which it is sought to escape liability, are construed strictly. Conditions intended to work a forfeiture are not favored. A substantial compliance with any such condition or provision is all that is required on the part of the assured. Aurora Fire Ins. Co. v. Eddy, 49 Ill. 106; Commercial Ins. Co. v. Robinson, 64 Ill. 265; Harrington v. Fitchburg Ins. Co., 124 Mass. 126; Hartford Fire Ins. Co. v. Smith, 3 Col. 422; Billings v. Tolland Co. Mut. F. Ins. Co., 50 Am. Dec. 277; Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213.

The occupancy or non-occupancy of appellee's building, within the meaning of the policy, was a question of fact to be determined by the jury from all the evidence and circumstances bearing upon it, and the question having been fairly submitted to them their finding will not be disturbed. Western Ins. Co. v. Mason, 5 Ill. App. 141; Poor v. Hudson Ins. Co., 2 Fed. Rep. 432; Phœnix Ins. Co. v. Tucker, 92 Ill. 64.

" The word house, in the common and ordinary acceptance of the term, embraces everything appurtenant and accessory to the main building; this is also its legal signification, and the one that must be given to it when used in a policy of insurance. The word 'dwelling house' embraces in law the entire congregation of buildings, main and auxiliary, used for abode; the entire cluster of buildings, not separated by a public way,

which are used for purposes connected with habitation."
Workman v. Insurance Co., 22 Am. Dec. 141 and note.

REEVES, J.   This is an action upon a fire insurance policy.
The policy contained a clause that "If the premises insured
become vacant or unoccupied without the consent of the
secretary of the company in writing, the policy shall be void."
The contention of the appellant is, that at the time of the loss
by fire, the premises insured were vacant and unoccupied.
Mrs. Storig and her husband owned a building and outbuild-
ings which they used as a saloon, eating house and residence,
the saloon being located in the front part of the main build-
ing.   In the rear of these buildings stood the building that
was burned.   It stood on a different lot from the one occupied
by the saloon and eating house buildings.   The two lots joined
end to end, fronting on different streets.   Both lots were in
the same inclosure.   Mrs. Storig owned the lot on which
stood the building that was burned, in her own right.   At the
time the policy was issued, the building was occupied by a
Mrs. Harvey as the tenant of Mrs. Storig.

The policy describes the property insured as " Dwelling
house No. 2, County of Madison, State of Illinois, lot 26,
Main street, town of Edwardsville."   In the application the
property is described as " House No. 1, size 18 x 24 ft., age 3
years, occupied by a tenant," without giving other description
of the premises.   Mrs. Harvey continued to occupy the prem-
ises as the tenant of Mrs. Storig until December 15, 1887.
Mrs. Storig then, it seems, determined to use the building in
connection with their other buildings.   She took out the par-
tition in the main part of the building, put in stoves, tables,
benches, chandeliers and chairs, with a view of using the
building for the purpose of giving suppers to balls or parties
held in Turner's Hall, located just across the street.   She also
did the washing and ironing of the household in this building
and stored goods therein that were used in the saloon and
eating house.   The building was used on the day and evening
of January 5, 1888, for serving a supper for a party held at
Turner's Hall; and between the 5th and 12th day of January,

the day the building was burned, two washings and iron ing were done in the building. Mrs. Storig testifies : "From the time we changed it the house was in use every day. I had it like a kitchen or general room. I fixed it up and put the stoves in and used it every day. Every day went in two or three times and closed it up when we went away."

The company claims that as the building was described in the policy as a dwelling house, the vacancy clause must be construed to mean that when the building was not occupied as a dwelling house it was vacant or unoccupied within the meaning of this clause. In other words, that no other occupancy or use of the building would make it an occupied building in the sense required by the conditions of the policy. Provisions of this kind in policies of insurance, being in the nature of forfeitures, are to be strictly construed. Liberal intendments and enlarged constructions will not be indulged in favor of such forfeiture. Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213.

The construction contended for by appellant must be conceded to be a very liberal interpretation. A strict construction would be, that if the property was left vacant and not occupied at all, in the sense in which the term occupancy is used, then the policy should be void.

The policy does not in its terms require the occupation to have all the elements that usually attend the use of a building as a dwelling house. To inject this meaning into the language used, would be to enlarge the scope of a provision, in its operation working a forfeiture. In this case, under the evidence, it can not be fairly said that the building was vacant or unoccupied at the time of the fire. There was a daily use of the building and the use was in its nature the same in kind as the use of an ordinary dwelling—cooking, washing and ironing. The argument of appellant seems to be, that to constitute occupancy some one must have usually slept in the house, and it seems to be conceded if some one had usually slept in the building, this would have constituted occupancy. This provision was evidently inserted in the policy for the protection of appellant.

It would seem that the occupation and use of the building shown by the testimony, would furnish much more complete protection to appellant than would the occupancy of the building by some one merely sleeping in it; going to the house in the evening, sleeping there, and leaving in the morning.

The question of occupancy or non-occupancy of the building insured was a question of fact to be decided by the jury under the instructions of the court as to the law applicable to the question. Western Ins. Co. v. Mason, 5 Ill. App. 141; Phœnix Ins. Co. v. Tucker, 92 Ill. 64.

The jury were instructed on behalf of appellant as strongly on this point as could possibly be claimed the law warrants. The third and fourth instructions given for appellant state the law in language rather too broad. These two instructions contained all that was stated in the refused instructions which could, in our view of the law, be held unexceptionable. The special findings were not inconsistent with the general verdict.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*