## REAPER CITY INSURANCE COMPANY
### *v.*
### JAMES S. BRENNAN.

INSURANCE—*of the requisite disclosure in the application, of the title of the assured.*  A policy of insurance contained the following clause:

."If the property to be insured be held in trust or on commission, or be a leasehold interest, or equity of redemption, or if the interest of the insured to the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the insured, it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void."

At the time the insurance was effected, the property had been sold on a judgment and execution against the assured, but the twelve months allowed for redemption had not expired:  *Held*, the non-disclosure of this sale avoided the policy; the title of the assured was not "entire, unconditional and sole."

APPEAL from the Circuit Court of Sangamon county; the Hon. B. S. EDWARDS, Judge, presiding.

This was an action on a policy of insurance, brought by Brennan against the Reaper City Insurance Company. Judgment was rendered in favor of the plaintiff, from which the defendant appealed.

Messrs. J. C. & C. L. CONKLING, for the appellant.

Messrs. HERNDON & ORENDORFF, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This is an action on a policy of insurance. At the time the insurance was effected, the property had been sold on a judgment and execution against the assured, but the twelve months allowed for redemption had not expired. It is insisted the non-disclosure of this sale avoids the policy, by virtue of the following clause therein:

"If the property to be insured be held in trust or on commission, or be a leasehold interest or equity of redemption, or if the interest of the insured to the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the insured, it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void."

We must hold this defense valid. It can not truthfully be said that the assured had, at the date of the insurance, "the entire, unconditional and sole ownership of the property." On the contrary, the purchaser at the sheriff's sale, although he had not acquired a complete title, either legal or equitable, as held in *Phillips* v. *Demoss*, 14 Ill. 412, had certainly acquired an interest in the land to the extent of his bid, which would, in a few months, ripen into a title unless redeemed. With this outstanding and paramount interest vested in another, the title of the assured was not "entire, unconditional and sole."

The judgment must be reversed and the cause remanded.

*Judgment reversed.*