Western Assurance Co. v. Mason.

# Western Assurance Company

## v.

## Clara S. Mason.

1. Pleading—What may be shown under general issue.—It is a general rule that under a plea of the general issue, the defendant may prove any matter which goes to show that the plaintiff never had a cause of action. So, in an action against an insurance company for a loss, evidence tending to show a breach of any of the covenants in the policy may be given under the general issue.

2. Insurance—Statement as to title.—The policy as a part of its covenants, referred to an application, survey, plan or description of the property insured, and made the same a part of the contract; but there being no evidence that such application or survey was ever made, or evidence tending to show what disclosures, if any, as to title were thereby made, and the defendant having elected to issue its policy without requiring any application from the plaintiff, or representations as to title, it cannot complain that the plaintiff's title was not truly stated in the policy, or that the incumbrance was not disclosed.

3. Occupancy of premises—What is meant.—Upon the question of occupancy of the premises, as bearing upon the condition in the policy prohibiting a cessation of occupancy for more than thirty days, all the circumstances tending to show the ordinary use of the building should be considered.

The insured is only bound to maintain such occupancy as pertained to the ordinary use of the building in the manner and for the purposes for which it was designed to be used.

4. SUMMER RESIDENCE.—Where it appears that the premises had for a number of years been occupied as a summer residence by the insured, the winter months being spent in the city, but was visited at least once a week by the insured, her husband also going there two or three times a week, frequently remaining over night, sometimes taking his meals there, and entertaining his friends there, it was a sufficient occupancy within the meaning of the policy, and there was no breach of the condition against vacancy.

5. OCCUPANCY A QUESTION OF FACT.—The question of the occupancy or non-occupancy of the premises is a fact for the jury to determine, and being fairly submitted to them their finding in that respect will not be disturbed.

6. OTHER INSURANCE.—Other insurance on the same property, whether existing at the date of the execution of the second policy, or afterwards obtained, unless consented to by the defendant, is a breach of the condition of the policy prohibiting other insurance without consent, and renders the policy void. But the liability of the defendant upon its policy would not be affected thereby unless such other insurance remained in force up to the time of the loss.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed February 4, 1880.

Messrs. HITCHCOCK, DUPEE & JUDAH, for appellant; upon the question of non-occupancy of the premises, cited Whitney v. Black River Ins. Co. 72 N. Y; Keith v. Quincy Mut. Ins Co. 10 Allen, 72; Ashworth v. Builders Ins. C. 112 Mass. 422, Harrisburg v. Fitchburg Ins. Co. 124 Mass. 126; Sleeper v. Ins. Co. 56 N. H. 401; Paine v. Agricultural Ins. Co. 5 N. Y. 619; American Ins. Co. v. Padfield, 78 Ill. 167.

That the defenses alleged could be shown under the general issue: Gould's Pl. 329; Stephen's Pl. 160; 1 Chitty's Pl. * 477; Brenman v. Egan, 4 Taunt. 165.

Messrs. TENNEY & FLOWER, for appellee; as to what will be considered occupancy, and that it is for the jury to determine, cited Paine v. Agricultural Ins. Co. 5 N. Y. 619.

. The defenses should have been specially pleaded: Ill. Fire Ins. Co. v. Stanton, 57 Ill. 354; Clay F. & M. Ins. Co. v. Wusterhausen, 75 Ill. 285; Andes Ins. Co. v. Fish, 71 Ill. 620;

Herron v. Peoria F. & M. Ins. Co. 28 Ill. 235; Knickerbocker Ins. Co. v. Tolman, 80 Ill. 106.

Bailey, P. J.    This was an action of assumpsit, brought by Clara S. Mason for the use of the German National Bank of Chicago, against the Western Assurance Company, upon a policy of insurance issued by the defendant to the plaintiff. Said policy bore date November 15, 1876, and the defendant thereby insured the plaintiff for the term of three years from that date against loss or damage by fire, in the sum of $2,000 on her dwelling house, in the town of Lake View, and $1,000 on her household furniture, etc., contained therein. On the 16th day of April, 1877, said building and contents were totally destroyed by fire. Proofs of loss were duly furnished, and the defendant failing to pay said loss, this suit was brought for its recovery. On the trial in the court below, the jury found a verdict for the plaintiff, and judgment was rendered thereon against defendant for the sum of $3,330 and costs, being for the full amount of the policy and interest up to the date of the verdict. The defenses interposed were based upon certain conditions of the policy, which, omitting those provisions not material to the present controversy, are as follows:

" The application, survey, plan or description of the property herein insured, referred to in this policy, shall be considered a part of this contract, and a warranty by the assured during the time this contract is kept in force; and any false representation by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or an over-valuation, or any misrepresentation whatever, either in a written application or otherwise; or if the assured shall have, or shall hereafter make any other contract of insurance, whether valid or not, on the property hereby insured, or any part thereof, without the consent of this company written hereon; or if the above-mentioned premises shall at any time be occupied or used so as to increase the risk, or the risk be increased by any means whatever within the control of the assured; or if the premises become unoccupied, and so remain for more than thirty days, without

the assent of this company endorsed hereon; or if the interest of the assured in the property, whether as owner, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in this policy, then, in every such case this policy shall become void. If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy, otherwise this policy shall be void."

The only pleas filed by the defendant were the general issue and a special plea averring that after the execution of the policy the premises insured became unoccupied, and so remained for more thirty days, without the assent of the defendant, and were so unoccupied at the time of the loss.    Under these pleas, in addition to the defense set up in the special plea, the defendant sought to avail itself of the following defenses, viz: 1, other insurance on the same property not consented to by the defendant; 2, a mortgage on the premises not disclosed by the assured to the company; and 3, a change in the occupancy of the premises having a tendency to increase the risk.    It is insisted by the plaintiff that these three defenses should have been specially pleaded, and that they cannot be set up or proved under the general issue, and such seems to have been the holding of the court below.

Mr. Chitty in his treatise on pleading, says that when a defendant insists that no such contract as stated in the declaration has in fact been made, he must plead the general issue. Under that plea, also, he may give in evidence various matters of defense, although they admit that a contract has in fact been made, but deny that in law it is obligatory upon the defendant. Hence, under the general issue, any matter which shows that the plaintiff never had a cause of action, may be given in evidence, and also most matters in discharge of the action, and which show that at the time of the commencement of the suit the plaintiff had no subsisting cause of action.    Chitty on Pleading 476, 478.

The rule thus stated has been repeatedly recognized and applied by our Supreme Court.    Thus in Wilson et al. v. King,

Western Assurance Co. v. Mason.

83 Ill. 232, the court say:    "In an action of assumpsit, the general rule is that a defendant may give in evidence under the general issue any matter which shows that he was not indebted to the plaintiff when the action was brought.   And this is true whether the defense be that the defendant was never indebted to the plaintiff, or that the liability has been extinguished after it was incurred.   Tender, the Statute of Limitations, alien enemy, and some other defenses, must be especially pleaded."   So, in Miner v. Moore, 41 Ill. 273, it is said:  "In an action of assumpsit, almost any defense showing the satisfaction or discharge of the debt, may be shown under the general issue."

The case of the Rockford Ins. Co. v. Nelson, 65 Ill. 415, was an action of assumpsit upon a policy of insurance against fire, and the defendant pleaded the general issue and a large number of special pleas.   The report of the case fails to state, specifically the nature of the several defenses thereby set up, but the writer having been one of the counsel for the defendant in that case, and having before him a printed abstract used in the Supreme Court, is able to state them of his own knowledge. They were: breach of warranty by the plaintiff as to her title to the premises insured; breach of warranty as to the situation and location of surrounding buildings; false and fraudulent over-valuation of the property in the application; breach of warranty as to the use and occupation of the premises; the use and occupation of the building, which was insured as a dwelling-house, for the purposes of a public hotel; and fraud and false swearing in the proofs of loss.

In forming the issues upon these several pleas, various decisions were made overruling and sustaining demurrers which were assigned for error by the defendant.   The Supreme Court refused to consider the questions thus presented, holding that a decision of said questions was entirely unnecessary, since all the pleas interposed defenses which were admissible under the general issue.

In the light of the foregoing authorities, it is clear that the defendant was entitled to avail itself of all the defenses set up under the pleadings as they stood.   It remains for us to con-

sider whether said defenses were sustained by the evidence.
First, then, as to the defense sought to be based upon the
existence of an incumbrance upon the property. The evidence
shows that at the time of the execution of the policy, there was
a mortgage upon the building for $4,000, and that such mort-
gage remained unsatisfied up to and at the time of the loss.
No reference to this incumbrance appears in the policy itself,
nor is it shown that any information or notice in relation to it
was given to the defendant at the time of the execution of the
policy, or at any other time prior to the loss.

There may possibly be some question whether a disclosure
of a mere mortgage was required by the terms of the policy.
No specific reference is made to an incumbrance by mortgage,
or otherwise, and it may, perhaps, be questionable whether the
plaintiff may not have had the entire, unconditional and sole
ownership of the property insured for her own use and benefit,
within the meaning of the policy, notwithstanding the exist-
ence of the mortgage. The view we take of the case, however,
does not necessitate the determination of this question. It
should be observed, that although the policy referred to an
application, survey, plan or description of the property insured,
and made the same a part of the contract, and a warranty by
the assured, it does not appear that any application or survey
was in fact executed by the defendant. No such application
was exhibited at the trial, nor is it made to appear that such
paper ever existed, or if in existence, no evidence was offered
tending to show what disclosures, if any, as to the title were
thereby made. The defendant having elected to issue its policy
without requiring any application from the plaintiff, or any
representations of any character in relation to her title or inter-
est, it cannot complain that the plaintiff's interest was not
truly stated in the policy, or that the incumbrance was not
disclosed. In Lycoming Ins. Co. v. Jackson, 83 Ill. 302, the
policy in suit contained conditions substantially identical with
those relied on in the present case, and to a defense of the same
nature as the one insisted upon here; the court say that they
are wholly unable to perceive how, in the absence of any writ-
ten application, the condition can be said to be violated.

Let us next consider the defense growing out of the alleged cessation or change in the occupancy of the premises insured. The building was described in the policy as a " dwelling," but no stipulation as to the nature of the occupancy to be maintained was inserted, further than may be implied from said description.    The evidence shows that at the date of the policy the plaintiff, with her husband and family occupied said building as their residence.    Some time in the early part of December, they left it for the winter and occupied rooms in Chicago, intending to return about the first of May following.    The evidence tends to show that it had been their practice during a greater portion of the time for a series of years, to move into Chicago during the winter and occupy said house as a summer residence.    The house seems to have been quite expensively furnished, as the evidence places the value of the furniture at $6,000.    When the family moved to Chicago in December, 1876, this furniture was left in the house in the same situation as when in use, and the house, when no member of the family was there, remained locked up, no custodian being left in possession.    It appears however, that the plaintiff during the entire winter visited the premises as often as once in each month, and that her husband during the whole time, with the exception of a few days when he was absent in New York, visited the house several times a week, and slept there from two to five nights each week.    At times he prepared and took his meals in the house, and on several occasions he seems to have received and entertained his friends there.    The last of these occasions was Sunday, the second day before the fire.    On that day he spent nearly the entire day and evening in the house with a number of his associates.    It is true, the evidence as to the extent of the occupancy thus maintained is not altogether clear and precise, but enough is shown to indicate a very considerable use of the premises during the whole time the plaintiff's family occupied rooms in Chicago.

It is plain that the house during none of this period was unoccupied, in the strict sense of the term.    The building however being insured as a dwelling, the occupancy stipulated for must be deemed to be such as properly appertains to a

building of that character; but in determining whether said building was occupied or not within the meaning of the policy, all the circumstances in proof bearing upon that question should be taken into consideration. The fact that the building had previously, for the most part, been used by the plaintiff merely for a summer residence was a circumstance of very considerable significance. The plaintiff was only bound to maintain such occupancy as pertained to the ordinary use of the building in the manner and for the purposes for which it was designed to be used. This principle is illustrated by the Court of Appeals of New York, in the case of Whitney v. Black River Ins. Co .72 N. Y. as follows: "Take the case of the insurance of a church building, or a school house, or a cider mill. Would the fact that the church was closed for six days consecutively each week be a violation of the condition in question, or would the school house in vacation, or the cider mill when no apples were to be had, be without the protection of the policy? These illustrations serve to show that the condition against vacancy and non-occupation is to be construed and applied in view of the subject-matter of the contract, and of the ordinary incidents attending the use of the insured property."

It should be further observed that the question of the occupancy or non-occupancy of the plaintiff's dwelling within the meaning of the policy, was a question of fact to be determined by the jury upon consideration of all the evidence in the case. We think said question was fairly submitted to them by the instructions, and we see no reason for dissatisfaction with their finding in that respect.

What we have said disposes of the defense which alleges a change in the occupancy having a tendency to increase the risk. As the evidence fails to establish any change of occupancy, it follows that no increase of the risk is shown.

The only remaining question relates to the defense of double insurance. Upon this point there is no uncertainty or conflict in the testimony, and the facts are simply these: At the time of the execution of the policy in suit, the plaintiff held another policy issued by another insurance company upon the same

Western Assurance Co. v. Mason.

property, to the same amounts.   That policy continued in force up to the time of the loss, and was afterwards paid.   The record contains no evidence of any consent by the defendant to such other insurance, nor even of notice to the defendant at any time prior to said loss of the existence of such insurance. The terms of the policy are absolute, that other insurance on the same property, whether existing at the date of the defendants policy, or afterwards obtained, unless consented to by the defendant, should render the policy void.   The record is barren of proof from which a waiver of this condition can be inferred.   We see no reason, then, why the consequences expressly provided by the parties in the contract should not follow.   Under the evidence as it stands, this defense is established, and the verdict thereon should have been for the defendant.

Upon this branch of the case the defendant asked the following instruction, which was refused:

"The jury are further instructed that if they find from the evidence that at the time of the making of the policy sued on the assured had, or thereafter, prior to the loss, made any contract of insurance on the premises and property covered by said policy sued on herein, without the consent of the defendant company written on the policy in question in this case, then the policy in this case became and was void, and the jury will find for the defendant."

This instruction was properly refused.   Even though there may have been other insurance on the same property, either at the date of the policy in suit or afterwards, still, unless such other insurance remained in force up to the time of the loss, the liability of the defendant would not have been affected.   N. E. Fire & M. Ins. Co. v. Schettler, 38 Ill. 166.

The judgment will be reversed and the cause remanded for a new trial.

Judgment reversed.