### FRANK CRIKELAIR *et al.*

#### *v.*

### THE CITIZENS' INSURANCE COMPANY.

*Opinion filed November 1, 1897.*

INSURANCE —*when breach of condition of fire policy bars a recovery.* Breach of a condition in a fire insurance policy against the property being incumbered when insured will bar a recovery upon the policy, where there is no element of waiver or estoppel which precludes the company from relying upon the contract.

*Crikelair* v. *Citizens' Ins. Co.* 68 Ill. App. 637, affirmed.

| 168 | 309 |
| 95a | 198 |
| 168 | 309 |
| 104a | 394 |
| 168 | 309 |
| 113a | 71 |

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is an appeal from the judgment of the Appellate Court affirming a judgment of the circuit court of Cook county, rendered against appellants for costs, in an action brought by them against the appellee company to recover upon an insurance policy.

Appellants were, on the 9th day of November, 1893, engaged in the business of selling wall paper, paints, varnishes and other like articles at No. 220 Cherry street, in the city of Green Bay, Wisconsin. Their stock in trade was then encumbered by a chattel mortgage previously executed by them to secure an indebtedness in the sum of $700. The mortgage appeared of record in the office of the city clerk of the said city of Green Bay. The appellee company, on the day named, issued its policy of insurance, insuring said stock of goods against loss or damage by fire to the amount of $1000, for the term of one year. No written application for insurance was made by the assured, no questions as to incumbrances asked, and the assured did not disclose the fact the property was mortgaged, nor did the appellee company have knowledge, in any way, of the existence of the incumbrance.

The policy contained the following stipulation: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered, in whole or in part, by this policy, * * * or if the subject of insurance be personal property and be or become incumbered by chattel mortgage."

The property was destroyed by fire within the period of time covered by the policy. After the fire the appellee company sent to appellants, by mail, the amount paid as premium on the policy, but the appellants, upon receipt of the same, immediately returned it by mail to the appellee company.

BULKLEY, GRAY & MORE, for appellants.

BATES & HARDING, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

By the stipulation in the policy, the terms of which are plain, direct and unambiguous, the parties hereto agreed that if the insured property, at the time the insurance was effected, was encumbered by chattel mortgage, the indemnity should not attach but the policy should be void. This was the contract of the parties deliberately made, and the only question presented is, whether they are bound by it. They were competent to enter into the stipulation, no rule of law was contravened by it, and there is no ground apparent to us upon which to base a claim of either estoppel or waiver.

The law declared by the greater weight of authority is, that where a policy contains a stipulation such as the one in the case at bar, and the property be, at the time of the execution of the policy, covered by a mortgage, no recovery can be had unless it appears that there was a waiver or estoppel by which the company is precluded

from relying on the contract.    It was so expressly ruled in *Wilcox* v. *Continental Ins. Co.* 55 N. W. Rep. 188, *Wierengo* v. *American Fire Ins. Co.* 57 id. 833, *Smith* v. *Columbia Ins. Co.* 17 Pa. St. 253, *Pennsylvania Ins. Co.* v. *Gottsman*, 48 id. 151, and *Fitchburg Bank* v. *Amazon Ins. Co.* 125 Mass. 431.    The principle upon which these decisions rest was recognized and applied by this court in *Reaper City Ins. Co.* v. *Brennan*, 58 Ill. 158, and *Hebner* v. *Palatine Ins. Co.* 157 id. 144.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*