## Ben Capps, Appellee, v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Appellant.

1. INSURANCE—*unconditional ownership under bond for a deed.* The obligee or grantee in a bond for a deed, the conditions of which have not been fully performed, is not the sole and unconditional owner and is not the owner in fee simple within the meaning of a fire policy.

2. INSURANCE—*insurable interest of grantee in bond for deed.* The obligee or grantee in a bond for a deed accompanied by possession and before full performance of the conditions of the bond has an insurable interest.

3. INSURANCE—*agency for insurer.* One who. was active in the insurance business and had a working agreement with a regular agent of a fire insurance company was agent of such company in obtaining insurance and not the agent of the insured.

4. INSURANCE—*when insurer bound by acts of agent.* A fire insurance company is bound by the acts of its own agents in negotiating insurance.

5. INSURANCE—*when policy construed against insurer.* In all matters of doubt an insurance policy must be construed most strongly against the insurer.

6. INSURANCE—*when insured protected though not sole owner.* Where no application was signed for fire insurance and no representations were made, insured with only bond for title was protected, though policy provided that he must be the sole and unconditional owner of the premises.

Appeal by defendant from the City Court of West Frankfort; the Hon. J. P. MOONEYHAM, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

MOSES PULVERMAN, for appellant.

J. E. CARR, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an action of assumpsit brought by appellee, Ben Capps, against the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, appel-

lant, upon a fire insurance policy issued by appellant to appellee. The amended declaration consisted of one count and set out the insurance policy *in hæc verba*. By its terms the policy insured against fire, lightning and storm the dwelling on lot 6, block 19, in West Frankfort, in the sum of $1,200, and the household and kitchen furniture therein in the sum of $1,200, for three years. The policy contained the following provisions material to the issues in this case: "This policy is made and accepted subject to the foregoing stipulations and conditions and other stipulations and conditions printed on the back hereof, which are hereby made a part of this policy, together with such other provisions, stipulations and conditions as may be endorsed hereon or added hereto as herein provided." Among the stipulations on the back of the policy were the following: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstances concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

"This entire policy unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; * * * or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." To this amended declaration appellant filed the general issue and ten special pleas. As stated by attorneys for appellant in their argument only the first, second, fifth and tenth special pleas are material on this appeal. Appellant in its first special

plea set out the provision of the policy to the effect that the same should be void if the interest of the insured be other than unconditional and sole ownership, and then alleged that the interest of appellee in the premises covered was not the unconditional and sole ownership thereof, but that the lot in question, together with the improvements thereon, were in fact at the date of said policy owned by a person or persons other than appellee. Appellant's second special plea set forth that provision of the policy providing in effect that it should be void if the subject of insurance be a building on ground not owned by the insured in fee simple, and alleged that appellee at the time of the execution and acceptance of the policy did not own the described premises in fee simple, but that the same were owned by other and different person or persons. Appellant's special plea number 5 set out that provision of the policy providing that it should be void in the event of concealment or misrepresentation by the insured of any material fact or circumstances and in the event of any fraud or false swearing, and averred that appellee concealed that his interest in the dwelling house insured, and the premises upon which the same was located, was not the unconditional and sole ownership thereof. Appellant's special plea number 10 set out that provision of the policy providing that it should be void if the interest of the insured was other than unconditional and sole ownership and then alleged that appellee was not the unconditional and sole owner of the building, but that the same was owned by one D. C. Jones and appellee was simply the holder of a contract or bond for deed, which said contract or bond was conditioned upon further payments of money by appellee as therein specified, and that said D. C. Jones was at the time of the execution of the policy the unconditional and sole owner of the premises. To appellant's first special plea

appellee filed a replication alleging that he was the owner of the building in question at the time of the issuance of the policy of insurance, and to appellant's second special plea a replication alleging that he was the owner of the premises mentioned in said plea at the time of the issuance of the policy. Appellee also filed a replication to appellant's fifth special plea denying that he had concealed any material fact or made any misrepresentation to the company and alleging that he made no representation as to the character of his interest except that he was the owner of said premises. Appellant filed general and special demurrers to appellee's replications to special pleas one and two, which were overruled, and appellant elected to abide its demurrers. Appellee filed a demurrer to appellant's tenth special plea which was sustained by the court and appellant elected to stand by its plea.

The case proceeded to trial before a jury upon issues joined and resulted in a verdict in favor of appellee for $1,800. Appellant has perfected this appeal from the judgment rendered on that verdict.

There is but little, if any, dispute as to the facts in this case. At the time appellee applied for the policy in question and at the time it was issued he was in possession of the premises by virtue of a bond for a deed from one D. C. Jones executed on the 16th day of March, 1921. The condition of this bond for a deed was that Jones would convey the premises to appellee upon payment to him of the sum of $1,800, payable $25 in cash and $25 every two weeks. At the time the policy was issued appellee had paid $350 or $400 on this contract. It appears from the testimony of appellee and J. H. Ghan that about the 1st of January, 1922, appellee spoke to Ghan about insurance on these premises. Ghan had before that time, and did afterwards, represent insurance companies, but at that date his companies had withdrawn

from West Frankfort. Ghan, however, had an arrangement with one J. A. Lewis, who was appellant's agent whereby Ghan was to receive one-half of all commissions on insurance business sent by him to Lewis and he alone went to see Lewis about this insurance. No written application was made by appellee. The only writing Ghan had with him was a memorandum prepared by himself describing the property and the amount of insurance wanted. It clearly appears that neither Ghan nor Lewis made any inquiries about the property or appellee's title thereto, and that appellee made no statement or representation concerning the same, either verbal or written. Lewis issued the policy, the premium of $34.80 was paid and Ghan delivered the policy to appellee. The policy is dated January 4, 1922, and was delivered at about that date. The building and its contents were destroyed by fire on March 4, 1922. Appellant refused to make payment of loss and this suit resulted.

There is no evidence in the record whatsoever tending to show when appellant became aware of the fact that appellee was not the owner in fee simple of the ground upon which the building stood.

It is contended by attorneys for appellant that the fact, as disclosed by the evidence, that appellee was not the sole and unconditional owner of the building and did not own the land in fee simple is a violation of the above quoted provision of the policy, and that the policy was therefore void *ab initio*. On the other hand, attorneys for appellee contend: (1) that appellee was the unconditional and sole owner of the property insured and was the owner in fee simple of the land, or at any rate had an insurable interest in the property covered and (2) if he was not, that in the absence of any written application for insurance and any verbal misrepresentations or statements by appellee as to his ownership, and because of appellant's failure to make inquiry concerning his title that appellant has waived all benefit of that provision

of the contract or is now estopped to assert the same as a defense in this case.

That the obligee or grantee in a bond for a deed, the conditions of which have not been fully performed, is not the sole and unconditional owner and is not the owner in fee simple of the premises described therein is clearly and well established by the following decisions of the courts of review in this State: *Chappell v. McKnight*, 108 Ill. 570; *Langlois v. Stewart*, 156 Ill. 609; *Phenix Ins. Co. v. Caldwell*, 187 Ill. 73; *National Fire Ins. Co. v. Three States Lumber Co.*, 217 Ill. 115; and *Budelman v. American Ins. Co.*, 297 Ill. 222. That the obligee or grantee in a bond for a deed accompanied by possession and before full performance of the conditions of the bond has an insurable interest in the premises described in the bond is equally as well established by the following decisions: *Downs v. Michigan Commercial Ins. Co.*, 157 Ill. App. 32; *Grange Mill Co. v. Western Assurance Co.*, 118 Ill. 396; *Home Ins. Co. v. Mendenhall*, 64 Ill. App. 30, affirmed in 164 Ill. 458, and *Rockford Ins. Co. v. Nelson*, 65 Ill. 415. In fact attorneys for appellant in their reply argument admit that appellee had an insurable interest in the premises under his bond for a deed, but they contend, and their position is well taken, that the fact that appellee had an insurable interest in the premises which he could have insured under proper recitals is no answer to their contention that the provision of the policy requiring ownership of the premises in fee simple had been violated.

It is contended by appellant that it was entitled to a judgment in this case on the pleadings for the reason that appellee's replication failed to answer appellant's special pleas. However, all of the matters set up in these special pleas could be and were tried under the general issue (*Dix v. Mercantile Ins. Co.*, 22 Ill. 272; *Western Assurance Co. v. Mason*, 5 Ill. App. 141), so that justice to all parties demands that we consider this case upon its merits.

The appellant having issued this policy without any written application containing statements by appellee that he was the sole and unconditional owner of the property and the owner in fee simple of the premises and in the absence of any statements or representations made by appellee concerning the same and without appellant making any inquiry concerning the ownership of the property or title to the premises, the question whether after loss it is in position to assert as a defense in this case that the policy was void *ab initio* because appellee was not the sole and unconditional owner of the property and was not the owner in fee simple of the premises in violation of the above-quoted provision of the policy is a question upon which the decisions of the courts of this State and courts of last resort in other States are in conflict.

Therefore it becomes necessary to consider, and we have considered, all the decisions of this State cited by the attorneys for the respective parties and all decisions tending to support either contention which we have been able to find after a most diligent search.

Among those decisions of this State relied on by attorneys for appellant the leading one is *Crikelair v. Citizens' Ins. Co.*, 168 Ill. 309. From the statement of facts made in that case it appears among other things that: "No written application for insurance was made by the assured, no questions as to incumbrances asked, and the assured did not disclose the fact the property was mortgaged, nor did the appellee company have knowledge, in any way, of the existence of the incumbrance." The provision in the policy, violation of which it was contended relieved the insurance company from liability, was as follows: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if    *   *   *    the subject of insurance be personal property and be or become incumbered

by chattel mortgage.'' Judgment was rendered in the trial court in favor of the insurance company. In affirming that judgment the Supreme Court said: ''The law declared by the greater weight of authority is, that where a policy contains a stipulation such as the one in the case at bar, and the property be, at the time of the execution of the policy, covered by a mortgage, no recovery can be had unless it appears that there was a waiver or estoppel by which the company is precluded from relying on the contract.'' In support of this holding several foreign authorities and the following Illinois decisions were cited: *Reaper City Ins. Co. v. Brennan*, 58 Ill. 158, and *Hebner v. Palatine Ins. Co.*, 157 Ill. 144. In the two Illinois cases cited it does not appear whether there was or was not an application, and neither does it appear that this identical question was raised in either of these cases. While the *Crikelair* case states that the assured did not disclose the fact that the property was mortgaged it does not show that no inquiries of any kind were made of him and no statement of any kind made by him as to the title to the property, as appears in the instant case. While the opinion in the above case tends to support appellant's contention, it is not squarely in point because of the difference in the facts and because it is not shown that this identical question was raised or considered by the court. The following cases, *Hebner v. Palatine Ins. Co.*, 157 Ill. 144; *Reaper City Ins. Co. v. Brennan*, 58 Ill. 158; *Prussian Nat. Ins. Co. v. Empire Catering Co.*, 113 Ill. App. 67, all discuss the question above referred to and so far as we have been able to discover are the only Illinois cases involving policies with similar provisions to the one here under consideration which appear to support the theory laid down in the *Crikelair* case and in none of these cases does it appear that there was any written application for insurance or inquiry made concerning the title.

In *Atlantic Ins. Co. v. Wright,* 22 Ill. 462, the policy provided: "If the interest in the property to be insured be a leasehold interest, or other interest not absolute, it must be so represented to the company, and expressed in the policy, in writing, otherwise the insurance shall be void." It appeared that one Van Buren already carried some insurance on the property therein involved and that the owner had his representative apply to Van Buren for more insurance. He gave Van Buren what information he could requesting him to look at the premises and examine them for himself and if he wanted any further information to call him. Van Buren was verbally advised correctly as to the title. Later Van Buren, because he had too many risks in the immediate neighborhood, asked the owner's representative if he might transfer this policy to some other company, and he was given consent to do so and did. The Supreme Court held that Van Buren must be regarded as the agent of the company which issued the new policy. When suit was brought on the policy there was aside from the general issue three special pleas filed: (1) that the insured was not the owner of the property; (2) that the owner for the purpose of procuring the policy of insurance falsely and fraudulently represented that he was the owner; and (3) that he was not the owner of the property insured at the time of the execution and delivery of the policy. The court in discussing "the question, of whether the failure of appellee's (insured's) agent to give a written description of his interest in the property insured, avoids this policy" held that "when the agent of the company undertook to make the survey, the application and representation of the interest which the assured had in the property and dispensed with any acts of the assured and acted upon his own knowledge of the facts, the company ratified his acts by granting the policy." Appellant seeks to distinguish the case before us here from that decision of the Supreme Court by contend-

ing that Ghan was acting as the agent of appellee and not of appellant. We do not agree with appellant, for Ghan received part of the commission for issuing this policy under an arrangement with appellant's acknowledged agent. While Ghan's own companies had withdrawn from West Frankfort at this time, yet it appears he was still active in the insurance business and then had a working agreement with appellant's agent. Ghan could no more be appellee's agent in securing this insurance under his agreement with appellant's agent than he would have been had he been representing insurance companies in his own right. We are of the opinion that he must be regarded appellant's agent and the above holding of the Supreme Court, which is not reversed nor distinguished in any of the cases cited by appellant, is certainly to the effect that appellant is bound by the acts of his own agents. It is true the evidence does not show that Ghan made any examination or survey of the property here involved, but the evidence is quite clear that both he and Lewis had full opportunity to do so, and that appellee in no way misrepresented his title. Immediately following the above quotation the Supreme Court in that case also held: "This condition (referring to the provision in policy) only has application to representations made by the assured, and not to cases where the company rely upon their own knowledge of facts and dispense with information from the assured." That holding appears to us to apply directly to the instant case. Even though Ghan be regarded as appellee's agent the evidence clearly discloses that he made no representation to Lewis, appellant's acknowledged agent, and under this holding then the provision in the policy here under consideration would have no application, and it must be assumed that Lewis was willing to rely upon his own knowledge of facts and dispense with any information from either appellee or Ghan.

The court in the above case also held: "When the

application is prepared, signed and presented by the owner, the company have the right to rely upon its correctness and if incorrect in any material part, it avoids the policy. But when the assured fully discloses to the company or its agent the necessary facts, or they are otherwise cognizant of them, and they dispense with any act on his part, they are estopped from denying the description they have adopted in the policy. If, from all the facts in the case, they erroneously determine that the insured has one kind of interest in the premises, when he has another, they cannot be heard, to say that they were mistaken, and by that means escape the liability they have incurred.'' There is no direct testimony in the record that Ghan and appellant's agent, Lewis, did not make any examination or investigation as to this title, except appellant's agent testified that at the time Ghan came to him about the insurance he did not inspect the property, and that Ghan said nothing with reference to the condition of the title. The only difference between the facts disclosed in that decision of the Supreme Court and the instant case is that in the *Atlantic Ins. Co.* case it appears the agent knew the condition of the title from a verbal statement and in the case before us it is not shown either that he did or did not know the condition of the title. However, since it was then held by the Supreme Court that the provision in an insurance policy concerning the title only has application to representations made by insured, then the above decision very strongly sustains appellee's contention, since the evidence clearly shows that appellee made no representations or statement, either written or verbal, concerning this title.

In *Western Assurance Co. v. Mason*, 5 Ill. App. 141, the defense to an action brought upon an insurance policy was based upon the following provisions: ''The application, survey, plan or description of the property herein insured, referred to in this policy.

shall be considered a part of this contract, and a warranty by the assured during the time this contract is kept in force * * *. If the interest of the assured in the property, whether as owner, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in this policy, then, in every such case this policy shall become void. If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy, otherwise this policy shall be void.'' One of the defenses made by the insurance company under this provision was that there was a mortgage on the premises not disclosed by the assured. The evidence disclosed that there was a mortgage upon the building at the time of the execution of the property. In holding for the insured upon this question the Appellate Court for the First District in that case held: ''It should be observed, that although the policy referred to an application, survey, plan or description of the property insured, and made the same a part of the contract, and a warranty by the assured, it does not appear that any application or survey was in fact executed by the defendant. No such application was exhibited at the trial, nor is it made to appear that such paper ever existed, or if in existence, no evidence was offered tending to show what disclosures, if any, as to the title were thereby made. The defendant having elected to issue its policy without requiring any application from the plaintiff, or any representations of any character in relation to her title or interest, it cannot complain that the plaintiff's interest was not truly stated in the policy, or that the incumbrance was not disclosed,'' citing *Lycoming Fire Ins. Co. v. Jackson,* 83 Ill. 302, as sustaining this holding. This decision, which has never been distinguished nor reversed, squarely sup-

ports appellee's contention, since in the instant case appellant having elected to issue its policy without requiring any application from the plaintiff or any representations of any character in relation to her (his) title or interest it cannot complain that the plaintiff's interest was not truly stated in the policy. Appellant seeks to distinguish this case upon the ground that the policy referred to an application whereas the policy in the instant case does not make any reference to an application. However in our opinion there is no such distinction, because the language of the court just quoted shows that there was in fact no application. It seems to us that the doctrine laid down in the above case would logically apply with greater force to this case, where no application is even mentioned and no inquiry was made, than to the facts in that case where application is mentioned in the policy, but where the opinion of the court does not disclose whether any inquiry concerning the title was made.

In *Security Ins. Co. v. Kuhn,* 108 Ill. App. 1, the fire insurance policy upon which an action was instituted, after loss, contained a provision almost exactly the same as the one here under consideration, the court held that since no written application was made for the insurance and no inquiry made as to the title the insured was not bound to disclose her exact title. This case quoted freely from the *Philadelphia Tool Co. v. British-American Assurance Co.,* 132 Pa. St. 236, where the same doctrine seems to be approved. A careful review of the foregoing decisions of the Supreme and Appellate Courts of this State, in our opinion, leads one to the conclusion that the greater weight thereof supports the contention of appellee in this case. Particularly so when considered in connection with the well-established rule in Illinois, that in all matters of doubt an insurance policy must be construed most strongly against the insurer. The policy is a contract carefully prepared by the insurer

to protect its own interests and there is no reason why its provisions should not be stated in clear and unambiguous language. As was stated by the Appellate Court of the First District in the case of *Mazeika v. Automobile Underwriters of America,* 226 Ill. App. 239, if appellant desired to base its contract on a statement or warranty that appellee was the sole and unconditional owner of the property, and that his title to the premises was in fee simple and it chose to accomplish that end, not upon plain questions and answers thereto by appellee in an application in writing signed by him, but upon statements incorporated in the policy itself without any inquiry or investigation being made in respect thereto and which statements in the policy made appellee accept them by virtue of his acceptance of the policy, that object might have been accomplished by clear and unmistakable language. We hold, under the doctrine laid down in Illinois by the greater weight of authority, that in this case, where the insured had an insurable interest, and where that interest was such that no one else, in case of the insured property being totally destroyed by fire, would be entitled to all of the insurance thereon, the provisions here under consideration are no defense.

The judgment herein is therefore affirmed.

*Affirmed.*