WILLIAM HAYDEN ET AL. V. NICHOLAS FREDERICKSON.

FILED OCTOBER 18, 1899. No. 10,595.

| 59 | 141 |
| f59 | 205 |
| f59 | 353 |
| f59 | 596 |
| 59 | 141 |
| j60 | 472 |
| 60 | 539 |
| f60 | 573 |
| 60 | 586 |
| 60 | 594 |
| 59 | 141 |
| 61 | 534 |

1. **Stare Decisis:** FORMER APPEAL. Where a cause is brought a second time to this court, the first decision will be deemed the law of the case, not merely as to the points expressly decided, but to all questions presented by the record and necessarily involved in the decision, and, ordinarily, will not be re-examined.

2. **Sales:** DELIVERY: ACTION FOR PURCHASE PRICE. Where personal property is in possession of the buyer at the time of the sale, and no other place of delivery is specified, no formal delivery is necessary to maintain an action for the purchase price.

3. ———: INVENTORY: RIGHTS OF PARTIES: WAIVER. When a contract of sale of chattels provides for the taking of an inventory by the parties, the buyer can not urge as a defense to the action to recover the purchase price that the inventory was made by the vendor alone, when the vendee was given an opportunity to participate therein, and refused to do so.

4. **Instructions:** Withdrawal of Issue. It is error to give an instruction which withdraws from the consideration of the jury a material issue of fact.

5. ———: Expert Evidence. It is error to instruct the jury that "expert evidence is of the very lowest order and is the least satisfactory."

Error from the district court of Douglas county. Tried below before Dickinson, J. *Reversed.*

The facts and issues are stated in the opinion.

*C. J. Smyth,* for plaintiffs in error:

Before plaintiff can recover the purchase price he must show that he delivered the patterns. See *Atwood v. Lucas,* 53 Me., 508; *Messer v. Woodman,* 22 N. H., 172; *Newmarket Iron Foundry v. Harvey,* 23 N. H., 395.

The statement in the contract that the goods were sold and delivered was properly contradicted by evidence. See *Lingham v. Eggleston,* 27 Mich., 324; *Elgee Cotton Cases,* 22 Wall. [U. S.], 180; *Blackwood v. Cutting Packing Co.,* 76 Cal., 212; *Anderson v. Read,* 106 N. Y., 344; *McLaughlin v. Piatti,* 27 Cal., 458.

Before title could pass both parties were required to make an invoice indicating the particular patterns purchased. See *Stephens v. Santee,* 49 N. Y., 35; *Anderson v. Crisp,* 5 Wash., 178; *Lingham v. Eggleston,* 27 Mich., 324; *McClung v. Kelley,* 21 Ia., 508; *Chapman v. Shepard,* 39 Conn., 413; *Hudson v. Weir,* 29 Ala., 394; *Blackwood v. Cutting Packing Co.,* 76 Cal., 217; *Hutchinson v. Hunter,* 7 Pa. St., 140; *Elgee Cotton Cases,* 22 Wall. [U. S.], 188.

The question of delivery should have been submitted to the jury. See *McClung v. Kelley,* 21 Ia., 512; *Metz v. State,* 46 Nebr., 548; *Terry v. Beatrice Starch Co.,* 43 Nebr., 866.

Instructions indicating that the word "sold," as used in the contract, operated to transfer the title were erroneous. See *Herron v. Cole,* 25 Nebr., 692; *High v. Merchants Bank,* 6 Nebr., 155; *Farmers Bank v. Harshman,* 33 Nebr.,

445; *Howell Lumber Co. v. Campbell,* 38 Nebr., 567; *Whitaker v. Parker,* 42 Ia., 585.

*George W. Cooper* and *John E. Reagan, contra:*

The patterns were in plaintiffs' possession at the time of the sale, and further delivery or a tender was unnecessary after defendants made the invoice. See *Shurtleff v. Willard,* 19 Pick. [Mass.], 110; *Lake v. Morris,* 30 Conn., 201; *Warden v. Marshall,* 99 Mass., 305; *Macomber v. Parker,* 13 Pick. [Mass.], 175; *Nichols v. Patten,* 18 Me., 231; *Uhl v. Robison,* 8 Nebr., 272; *Farmer v. Gray,* 16 Nebr., 401.

When a quantity of goods bargained for at a certain rate is actually delivered, the sale is complete, notwithstanding the goods are to be counted, weighed or measured in order to ascertain the amount to be paid for them. See *Macomber v. Parker,* 13 Pick. [Mass.], 175; Tiedeman, Sales, sec. 87.

When plaintiffs refused to invoice the patterns to ascertain the number in stock that would comply with the contract, it was proper for defendant to make the invoice. See *Woodworth v. Hammond,* 19 Nebr., 215; *Grant v. Pendery,* 15 Kan., 236; *Hayden v. De Mets,* 34 N. Y. Super. Ct., 344; *Graham v. Frazier,* 49 Nebr., 90; *McCormick Harvesting Machine Co. v. Markert,* 78 N. W. Rep. [Ia.], 33.

There was no reversible error in the instruction relating to expert evidence. See *United States v. Pendergast,* 32 Fed. Rep., 198; *Winans v. New York & E. R. Co.,* 21 How. [U. S.], 101; *People v. Perriman,* 40 N. W. Rep. [Mich.], 425; *Whitaker v. Parker,* 42 Ia., 586.

Norval, J.

This case was before us and decided at a prior term. See *Hayden v. Frederickson,* 55 Nebr., 156. Subsequently a trial was again had in the district court, which terminated in a verdict in favor of plaintiff, and from the judgment entered thereon the defendants have prosecuted error.

The action was to recover the purchase price of certain patterns alleged to have been sold and delivered by plaintiff to defendants in pursuance of a written contract made by the parties, a copy of which is contained in the former opinion, to which reference is made. On September 16, 1893, Nicholas Frederickson was the owner of the dry goods department of what was known as the Bell Department Store, in the city of Omaha. On said date Hayden Bros., the defendants, purchased all the stocks in said department store, including that belonging to plaintiff. The contract between defendant and plaintiffs stipulated, among other things, for the purchase "of all patterns that are staple and down to date," and that the purchasers should pay plaintiff therefor "cash at completion of inventory at the rate of 90 per cent of the original contract price of said goods without discount." The defendants refused to pay for the patterns, claiming that they did not comply with the terms and conditions of the contract, in that they were not staple and down to date. Testimony bearing upon the marketable condition of the patterns was adduced by the respective parties, and expert witnesses were likewise called and examined by the defendants upon that issue in the case.

It is argued by counsel for defendants that the judgment is erroneous, because it was not shown that the patterns had been delivered to and accepted by the defendants. This question was presented upon the former hearing, and it is contended by plaintiff that the decision then rendered is *stare decisis*. The rule is that the determination of questions presented to this court in reviewing the proceedings in a cause in the district court becomes the law of the case for all subsequent proceedings, and, ordinarily, will not be made a subject of re-examination. See *Coburn v. Watson*, 48 Nebr., 257; *Fuller v. Cunningham*, 48 Nebr., 857; *Omaha Life Ass'n v. Kettenbach*, 55 Nebr., 330; *Mead v. Tzschuck*, 57 Nebr., 615. And this rule applies, not only to all points actually decided, but to all questions presented by the record and necessarily in-

volved in the decision. See *Mufford v. Estudillo*, 32 Cal.,
131; *Headley v. Challiss*, 15 Kan., 602; *Crockett v. Gray*, 31
Kan., 346. While we were asked on the former appeal to
reverse the judgment theretofore rendered on the same
ground now urged for a reversal, we did not then consider
nor decide the point or express an opinion upon the sub-
ject. The judgment of reversal was placed upon other
grounds, and the decision did not necessarily involve the
matter now urged upon our attention, and the rule of
*stare decisis* can not be successfully invoked by this plain-
tiff.

To entitle plaintiff to maintain an action like the pres-
ent, for goods sold and delivered, it was necessary that it
be shown that the patterns were delivered to the defend-
ant. The contract specified or recited: "Nicholas Fred-
erickson has this day sold and delivered to Hayden Bros.
a stock of linens * * * and all patterns that are
staple and down to date." There is in the record before
us evidence tending to show that the defendants were in
possession of plaintiff's goods at the time the contract in
question was entered into, which, if true, relieved him
from formally tendering and delivering the patterns to
the purchaser. See *Robison v. Uhl*, 6 Nebr., 328; *Uhl v.
Robison*, 8 Nebr., 272; Tiedeman, Sales, sec. 96 and cases
there cited.

It is insisted that the title to the patterns did not pass
to the vendees until they were invoiced; hence there can
be no recovery. The contract of sale stipulated that an
inventory of goods should be taken, which was to deter-
mine what patterns were staple and down to date. It
was within the contemplation of the parties that each
should join or assist in the making of such inventory, or
at least be given an opportunity so to do. The evidence
discloses that the defendants refused to invoice the pat-
terns, claiming that they did not meet the requirements
of the contract. This constituted a waiver of the right of
defendants to participate in the inventory. See *Wood-
worth v. Hammond*, 19 Nebr., 215. The defendants, under

the circumstances, can not be heard to urge as a defense that the inventory was made by Frederickson alone.

Exceptions were taken to the fourth and sixth instructions given by the court on its own motion, which are as follows:

"4. The burden of proof in this case is upon the plaintiff, and, before he can recover, he must satisfy you by a preponderance of the evidence that the patterns sold and inventoried to defendants, and for which he seeks to recover in this action, complied with the terms and conditions of the contract sued upon,—that is, that said patterns so sold and inventoried to defendants were staple and down to date. If plaintiff has so satisfied you, it will then be your duty to return a verdict for plaintiff for such sum as under the terms and conditions of said contract and the evidence you find to be due. If plaintiff has failed to satisfy you, your verdict will be for the defendants."

"6. The only question for your consideration in this case is whether or not the patterns sold defendants by plaintiff complied with the terms and conditions of the contract introduced in evidence,—that is, were staple and down to date; and, in determining this question, you must look solely to the evidence that has been introduced by the parties, and from this evidence determine this question."

These instructions submitted to the jury the single question whether the patterns were "staple and down to date," and withdrew from the consideration of the triers of fact the issue whether there had ever been a delivery to the defendants of the patterns in question. Manifestly this was error. The defendants were entitled to have this point passed upon by the jury.

The following instruction was given at the request of the plaintiff below: "The court further instructs the jury that it is your duty to consider the opinion and expert evidence in this case the same as the evidence of other witnesses. However, the court further instructs you that

such opinion and expert evidence is of the very lowest order, and is the least satisfactory, and the jury should not permit such opinion and expert evidence to overthrow positive and creditable evidence of creditable witnesses, who have testified in this case of their own personal knowledge." This instruction was bad, and should not have been given. The defendants had the right to have the jury consider the testimony of their expert witnesses without any admonition from the court that "expert evidence is of the very lowest order and is the least satisfactory." It was for the jury alone to determine the weight to be given such evidence. For the errors indicated, the judgment is

REVERSED.