HOME FIRE INSURANCE COMPANY v. CHARLES JOHANSEN.

FILED DECEMBER 6, 1899.    No. 10,643.

1. Pleading: CONFESSION AND AVOIDANCE: BURDEN OF PROOF. The burden of proof as to new matter pleaded by way of confession and avoidance of the allegations of an adversary's pleading is on the party setting forth such new matter.

2. ———: REPLY: CONSTRUCTION. A reply which refers in vague and general terms to the allegations of the answer should be construed as responding to the particular matters set forth in such answer.

3. ———: CONFESSION AND AVOIDANCE. A party, by pleading in avoidance of matter set forth in his adversary's pleading, concedes the truth of such matters in seeking to avoid their legal effect.

4. Insurance: CHATTEL MORTGAGE. The giving of a mortgage on in-

| | |
|---|---|
| 59 | 349 |
| f59 | 596 |
| 59 | 364 |
| f59 | 746 |
| f59 | 747 |
| e59 | 748 |
| e59 | 750 |
| a59 | 753 |
| 59 | 349 |
| 60 | 472 |
| 60 | 573 |

sured chattels, in violation of a condition of the policy against incumbrances, renders such policy void.

5. ——: ——: DISCHARGE OF LIEN. In such case the cancellation or discharge of the lien before loss occurs revives the contract.

6. ——: ——: ——. And the burden of proving such cancellation of the lien is on the insured.

7. Review: SECOND TRIAL: LAW OF THE CASE. The determination of questions presented to this court in its review of the proceedings of an inferior tribunal becomes the law of the case, and, ordinarily, will not be re-examined in a subsequent review of the proceedings of the inferior tribunal on a second trial of the case.

ERROR from the district court of Washington county. Tried below before POWELL, J. *Reversed.*

*Byron G. Burbank,* for plaintiff in error.

*Dolezal, Cook & Cook, contra.*

SULLIVAN, J.

Charles Johansen sued the Home Fire Insurance Company in the district court of Washington county to recover upon a fire policy. The cause was tried to a jury, and resulted in a verdict and judgment in favor of the plaintiff. The question for decision, presented in a variety of forms, is the sufficiency of the evidence to sustain the verdict. The policy forbade, under penalty of forfeiture, the mortgaging of the property insured. One of the defenses presented by the answer was "that subsequent to the issuance of said policy of insurance the plaintiff, in violation of the terms, stipulations and warranties contained in said policy, incumbered by three chattel mortgages all the property described in said policy and damaged by said fire; such chattel mortgages being for the sums of $7,160, $7,165 and $1,805,—all of which said mortgages were valid, subsisting liens on said property at the time of said fire." The plaintiff replied, denying the averments of the answer not expressly admitted; denying that any of the chattels covered by the policy were incumbered when the policy was issued; and

alleging "that, at the time of the loss by fire set forth in plaintiff's petition, all and singular the chattels covered by said policy of insurance set forth in plaintiff's petition were free from all mortgages and were, prior thereto, released and discharged from the lien of all mortgages whatsoever; and said chattels, at the time of said fire, were unincumbered by any mortgage whatsoever." The plaintiff, at the trial, produced witnesses to sustain the controverted averments of the petition and rested.   The defendants offered no evidence, and the cause was submitted to the jury without any proof touching the execution or release of the mortgages referred to in the pleadings.   Counsel for the defendant contends that the giving of the mortgages as charged in the answer was admitted by the reply, and that, in the absence of any evidence upon the subject, the presumption is the property was still incumbered at the time of the fire. We think counsel is right.   We see no escape from the conclusion that the plaintiff, in his reply, confessed that he had broken a vital condition of the policy.   The company alleged that the insured chattels were mortgaged, after the policy was issued, and that the mortgages were in force at the time of the fire.   The plaintiff was called upon to meet this allegation.   It was his duty to admit or deny it.   Fairly construed, we think the reply was intended as a confession and avoidance of the new matter contained in the answer.   It was evidently the intention of the pleader to admit the execution of the mortgages, and to show, by way of avoidance, that they were not liens on the property at the time of its destruction.   It is true that the plaintiff does not refer in his pleading to any particular mortgage; but we must assume that the reply was designed to perform its proper office by responding fairly to the allegations of new matter contained in the answer.   The purpose of the plaintiff was to avoid the legal consequences of the alleged fact that he had incumbered the insured chattels after the issuance of the policy; and that, of course, he could not do

without admitting that the mortgages had been given. He could not allege new facts showing a release or discharge by payment, or otherwise, without impliedly conceding that the alleged lien once existed.' See *Dinsmore v. Stimbert,* 12 Nebr., 433; Gould, Pleadings [5th ed.], 34; 1 Boone, Code Pleading, sec. 59; Bliss, Code Pleading [1st ed.], sec. 340; 4 Ency. Pl. & Pr., 667; *State v. Hill,* 47 Nebr., 456. The giving of the mortgages was the breach of a substantial condition of the policy, and its legal consequence was to render the contract of indemnity null. The release of the mortgages would, according to our decisions (*State Ins. Co. v. Schreck,* 27 Nebr., 527; *Omaha Fire Ins. Co. v. Dierks,* 43 Nebr., 473; *Johansen v. Home Fire Ins. Co.,* 54 Nebr., 548), reanimate the contract. But clearly the burden of showing such release was upon the plaintiff. While the defendant alleged that the mortgages were in force at the time of the fire, that allegation was not essential to its defense. It was neither necessary to plead nor prove it. See *Phenix Ins. Co. v. Bachelder,* 39 Nebr., 95; *State Ins. Co. v. Schreck, supra.*

We are asked in this case to overrule the former decisions of this court, holding that the release of a chattel mortgage, given upon insured property, in violation of an express condition of the policy, revives the contract, and renders it effective from the date of the release. The question having been presented for decision and decided when this case was here before (*Johansen v. Home Fire Ins. Co., supra*), we will not now inquire into the correctness of the rule announced. If our former conclusion was erroneous, the defendant should have obtained a correction of the error by presenting a motion for rehearing. The settled doctrine of this court is that the determination of questions presented to this court, in reviewing the proceedings in a cause in the district court, becomes the law of the case for all subsequent proceedings, and, ordinarily, will not be made the subject of reexamination. See *Ripp v. Hale,* 45 Nebr., 567; *Coburn v.*

*Watson,* 48 Nebr., 257; *Fuller v. Cunningham,* 48 Nebr., 857; *Omaha Life Ass'n v. Ketlenbach,* 55 Nebr., 330; *Mead v. Tzschuck,* 57 Nebr., 615; *Hayden v. Frederickson,* 59 Nebr., 141, 80 N. W. Rep., 494. And this rule applies, not only to all points actually decided, but to all questions presented by the record, and necessarily involved in the decision. See *Richardson Drug Co. v. Teasdall,* 59 Nebr., 150, 80 N. W. Rep., 488; *Hayden v. Frederickson, supra.* The judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.