ISAAC S. LEAVITT V. ELLEN E. J. BELL ET AL., APPEL-LANTS, AND IRA B. COOK, ADMINISTRATOR, APPELLEE.

| | |
|---|---|
| 59 | 595 |
| 60 | 586 |
| 60 | 594 |

| | |
|---|---|
| 59 | 595 |
| 61 | 4 |

FILED JANUARY 24, 1900.    No. 11,063.

**1. Law of the Case: SECOND APPEAL.** The determination of questions presented to this court, in an apppellate proceeding, becomes the law of the case, and, ordinarily, will not be re-examined when the cause is again brought up for review.

**2. Tax Liens: INTEREST.** Interest due on delinquent taxes constitutes part of the tax lien on property upon which the original tax is a charge.

**3. Liens: JUNIOR INCUMBRANCERS.** A junior incumbrancer who, to protect his lien, takes up a superior lien is entitled to interest from the date of payment on the entire sum paid to discharge such superior lien.

**4. Review: MISTAKES IN COMPUTATION.** Where a decree brought here for review is found to be erroneous, because of a mistake in computation, the error will be corrected in this court, or the cause will be remanded with direction to the district court to render the proper judgment.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Reversed.*

*Howard B. Smith,* for appellants.

*William D. Beckett* and *J. W. Woodrough, contra.*

SULLIVAN, J.

When this cause was before us on a former appeal, the judgment was reversed, with instructions to the district court to set aside the original decree, and render a new one in conformity with the views expressed in the opinion. See *Leavitt v. Bell,* 55 Nebr., 57. It is now claimed that the judgment pronounced in obedience to the mandate is erroneous, because the amount paid by the mortgagee in satisfaction of the tax liens against the several lots should not have been added to the mortgage debt, and thus made a general charge against the entire property. This question was, on the first appeal, decided adversely to the contention of appellants. That decision is the law of the case, the rule being: "The settled doctrine of this court is that the determination of questions presented to this court in reviewing the proceeding in a cause in the district court becomes the law of the case for all subsequent proceedings, and, ordinarily, will not be made the subject of re-examination." See *Ripp v. Hale,* 45 Nebr., 567; *Coburn v. Watson,* 48 Nebr., 257; *Fuller v. Cunningham,* 48 Nebr., 857; *Omaha Life Ass'n v. Kettenbach,* 55 Nebr., 330; *Mead v. Tzschuck,* 57 Nebr., 615; *Hayden v. Frederickson,* 59 Nebr., 141, 80 N. W. Rep., 494; *Home Fire Ins. Co. v. Johansen,* 59 Nebr., 349, 80 N. W. Rep., 1047.

Appellants also contend that the decree is erroneous, because it allows Cook interest upon the amount paid by him to Leavitt as accrued interest on the tax-liens. In this particular the court committed no error. The doctrine is established by abundant authority that the owner of a real estate mortgage has the right, in order

to protect his security, to pay delinquent taxes upon the property covered by the mortgage. And it is equally well settled, we think, that the entire amount paid to redeem the premises becomes, in equity, a part of the mortgage debt. The interest due upon delinquent taxes is as much a part of the tax-lien as is the sum charged in the first instance against the property. We have been able to discover neither reason nor authority for holding that a junior incumbrancer is not entitled to interest on the entire sum paid by him to discharge a senior lien. Direct authority upon the question is not at hand, but we refer, as in some measure sustaining our view, to *Butterfield v. Hungerford*, 68 Ia., 249; *Johnson v. Payne*, 11 Nebr., 269; Jones, Mortgages, secs. 77, 1134; Willard, Equity Jurisprudence, pp. 446, 448; 9 Ency. Pl. & Pr., 434. But while the amount found due Cook on account of money expended by him in redeeming from the tax sale is correct, we discover an error in computing the amount due on the mortgage according to its terms. The trial court found there was due on May 13, 1899, the sum of $10,900. The true amount then due was $10,248. The judgment is reversed, and the cause remanded with direction to the district court to render a decree correcting the error indicated. Aside from the amount due him on account of taxes, Cook is entitled to a decree for $6,000, with interest thereon at nine per cent per annum from July 1, 1891.

REVERSED AND REMANDED.