STEVENS, APPELLANT, v. STECK ET AL., RESPONDENTS.

(No. 7,496.)

(Submitted February 8, 1936.   Decided February 25, 1936.)

[55 Pac. (2d) 7.]

570

*Mr. H. L. Maury, Mr. A. G. Shone* and *Mr. W. E. Coyle,* for Appellant, submitted a brief; *Mr. Maury* argued the cause orally.

*Messrs. Toomey & McFarland* and *Mr. John W. Chapman,* for Respondent Insurance Companies, and *Messrs. Loble & Adair,* for Respondent Leonard H. Steck, submitted a brief; *Mr. E. G. Toomey* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The plaintiff, William Stevens, has appealed from a judgment of dismissal entered, after the sustaining of a demurrer to his second amended complaint, in an action instituted by him against Leonard H. Steck, Globe & Rutgers Fire Insurance Company of New York, a corporation, Newark Fire Insurance Company of Newark, New Jersey, a corporation, and Charles J. Stevens, defendants, in an attempt to recover on two certain fire insurance policies, on the following facts and allegations contained in his second amended complaint:

On May 1, 1931, the Parchen heirs, four in number, entered into a written contract of sale with the defendant Steck for the Parchen residence in Helena with the seven city lots forming the grounds thereof, for the agreed price of $6,500. Steck paid $1,000 at the time, the balance to be paid in two equal installments, one and two years thereafter.

On May 18, 1931, the Globe Company issued to the Parchens a fire insurance policy on the dwelling-house and contents—$22,000 on the house and $500 on contents. It is recited in the policy that Steck has an interest in the property as vendee, and that in case of loss the vendor (the Parchens) shall be paid an amount not exceeding the balance due on the contract at the time of loss, and that the balance, "if any," shall be paid

574

to the vendee (Steck). On June 10, 1931, the Newark Company issued an identical policy. The Parchen house was destroyed by fire on September 27, 1931, and within ten days thereafter the insurance companies were duly notified in writing of the loss.

The pleading before us—the second amended complaint—alleges that this plaintiff was the principal in purchasing the premises described; that, acting through his brother, Charles J. Stevens, he procured the defendant Steck to act as his agent and furnished and delivered to Steck all money which changed hands in the transaction. The complaint contains a written statement from Steck to the effect that he received the money paid down from ''Charles J. Stevens agt.,'' and that he holds the property ''only as a favor and trust'' and will turn the property over on demand; that he will not ''jeopardize the legal rights in this prop. and that he has no power whatever in regard to the above prop. or the disposition of the same, that the true owner and contractor will have all rights of whatever nature that there may be (therein) * * * after purchase by him. Leonard H. Steck.''

To this statement is attached a ''P. S.'' which reads: ''This Parchen property at 207 So. Rodney St. is the prop. of William Stevens * * * and is being held in trust by L. H. Steck * * * until further arrangements are made by Wm. Stevens. C. J. Stevens, May 1, 1931.''

It is alleged that the deferred payments on the purchase were made by Steck in advance of the due date, but it is apparent from the pleading that these payments were made to the Parchens by the insurance companies.

It is alleged that Steck, while holding the legal title to the property, but with money furnished by this plaintiff, procured the insurance companies to make, execute, and deliver to ''Leonard H. Steck'' the policies set out in the complaint, and that each company had knowledge of the policy issued by the other and obligated itself to pay ''one-half of whatever loss might be caused to said property * * * by fire.'' It is then al-

leged that on October 15, 1931, plaintiff demanded of Steck that he convey the property to him, but that Steck refused to do so, and that, while Steck is the owner of the legal title, in equity the plaintiff is the owner thereof. In closing, it is declared that each of the defendants claims some interest in the controversy adverse to the plaintiff, and that each and all of them are necessary parties to the complete determination and settlement of the questions involved in this action.

By this action the plaintiff thus seeks a decree declaring him to be the owner of the real estate involved; to require Steck to convey the property to the plaintiff; to declare the plaintiff to be the owner of each of the insurance policies and of the sums due and unpaid thereunder, and for judgment against each of the defendant companies for the difference between the coverage and the amount paid on the loss, or $19,186.50.

To this amended second complaint each of the defendants filed a general and special demurrer, denying the right of the plaintiff to prosecute his action on the grounds of misjoinder of causes of action, misjoinder of parties defendant, and the insufficiency of the complaint to state a cause of action. Each of the separate demurrers of the three named defendants was sustained by the court, and thereupon the court entered its judgment that the action "shall be and it is fully and finally dismissed on the merits," and awarding to each of the defendants a judgment for costs. The court does not intimate on which ground it sustained the demurrers, and therefore the judgment must be affirmed if the complaint is vulnerable to either of the attacks launched against it.

The plaintiff makes four specifications of error which merely raise the question as to the correctness of the court's ruling, and which are argued jointly, the argument being prefaced by the statement that "the complaint has been presented in different amended forms before three district judges and in each instance defendants' separate demurrers were sustained. We are still of the opinion that our complaint is good, and is not bad

576

for multifariousness because of misjoinder of causes of action or misjoinder of parties, or for any other reason."

The briefs and argument on behalf of both sides to the appeal are largely on the subject of multifariousness, but inasmuch as the court dismissed the action finally and on the merits, it would seem more logical to assume that the court sustained the demurrers on the ground that the complaint does not, and cannot be made to, state a cause of action. We will therefore first determine the sufficiency of the complaint to withstand the general demurrer.

According to counsel for the plaintiff, three judges have said that they have not stated, and the last judge has, in effect, declared that they cannot state, a cause of action in favor of the plaintiff, and for the recovery of money under the policies set out and made a part of the complaint.

"Insurance is a contract whereby one undertakes to indemnify ▮ another against loss, damage, or liability arising from an unknown or contingent event." (Sec. 8060, Rev. Codes 1921.)

Among the essentials of a contract are "parties capable of contracting" and "their consent." (Sec. 7468, Id.) "It is essential to the validity of a contract not only that the parties should exist, but that it should be possible to identify them" (sec. 7471, Id.) and that "the consent of the parties to a contract must be: 1. Free; 2. Mutual; and, 3. Communicated by each to the other." (Sec. 7473, Id.) A contract must be so interpreted as to give effect to the mutual intention of the parties (sec. 7527, Id.), and contracts of insurance are to be construed as other contracts are. (*McAuley* v. *Casualty Co.*, 39 Mont. 185, 102 Pac. 586.) "A policy of insurance must specify: 1. The parties between whom the contract is made; * * * 4. The interest of the insured in the property insured, if he is not the absolute owner thereof" (sec. 8107, Id.), and this information must be supplied to the insurance company by the applicant for a policy. (Section 8090, Id.)

Thus our statutes make the disclosure of the interest of the insured material to the validity of the policy issued, bringing the policy within the rule that concealment of or misrepresentation as to a material fact will render the policy void. (2 Cooley's Briefs on Insurance, 1340.) But, in addition to the statutes, the policies here considered declare that the policies "shall be void * * * if the interest of the insured in the property be not truly stated therein."

While the policies in question here run to the Parchens as the insured, with provision for payment to Steck of any balance which may remain after the Parchens have been paid the balance due them under the contract of sale, the complaint alleges that Steck secured the policies to be issued, and was, therefore, the applicant required to disclose the interests of those to be insured. His representation was that, aside from the interest of the Parchens, he was the sole owner of the premises on which he sought insurance. But the contract of insurance is a personal contract *with* the insured and not *on* the property, as "the sole object of insurance is the indemnity of the insured; * * * if he has no insurable interest the contract is void." (Sec. 8075, Rev. Codes 1921.)

That Steck held the naked legal title did not destroy the plaintiff's ownership of the property; he owned the fee-simple title in equity, and, with the exception of the Parchen interest, his ownership of the property was entire and sole. (*Martin* v. *State Ins. Co.*, 44 N. J. L. 485, 43 Am. Rep. 397.) The plaintiff could have secured insurance to protect his interest, as "any interest in property * * * of such a nature that a contemplated peril might directly damnify the insured, is an insurable interest" (sec. 8070, Id.), which, of course, includes an equitable interest in the property. (*Strong* v. *Manufacturers' Ins. Co.*, 10 Pick. (Mass.) 40, 20 Am. Dec. 507.) Or by a suitable disclosure in applying for the policy, the contract could have been so drafted as to protect plaintiff's interest as the principal of Steck, but this was not done; Steck represented himself to the insurance companies as the vendee in the con-

tract with the Parchens, not as agent for the vendee. The liabilities of the insurance companies were controlled by the contracts as actually made with them, and they were unaffected by the undisclosed contract or relationship existing between the plaintiff and Steck. (*Nelson* v. *Stukey*, 89 Mont. 277, 300 Pac. 287, 78 A. L. R. 483.)

''When the parties have put their agreement into writing, and the terms of it are plain and direct, leaving no uncertainty as to the nature of it, we must treat it as the whole engagement of the parties'' (*Hebner* v. *Sun Ins. Co.*, 157 Ill. 144, 41 N. E. 627, 628), and ''when the name of the person intended to be insured is specified in a policy, it can be applied only to his own proper interest.'' (Sec. 8109, Rev. Codes 1921.) ''When an insurance is made by an agent or trustee, the fact that his principal or beneficiary is the person really insured may be indicated by describing him as agent or trustee, or by other general words in the policy.'' (Sec. 8110, Id.) ''The equitable owner is the entire and sole owner.'' (1 May on Insurance, 4th ed., 600, and cases cited.)

Under the above statutes and authorities, Steck had no insurable interest, but as his name is ''specified in the policy'' without describing him as agent or trustee, his policy can only apply (except as to the Parchen interest) ''to his own proper interest,'' which is *nil*. This plaintiff's interest was not insured, and there is no privity of contract existing between him and the defendant insurance companies entitling him to maintain this action as against them. No error was therefore committed by dismissing the action as against the insurance companies ''fully and finally'' and ''on the merits.'' However, as under the allegations of the complaint the plaintiff has a good cause of action against the defendant Steck for the purpose of establishing his title to the property purchased and to compel a conveyance, the action should not, as to this defendant, have been dismissed on the merits.

The cause is remanded, with direction to modify the judgment to the extent that it dismisses the action ''on the merits''

only as to the two insurance companies defendant, and, as modified, the judgment will be affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.